UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT A. FLEMING,

     Plaintiff,

v.                              CASE NO: 8:06-cv-88-T-23TBM

METROPOLITAN LIFE
INSURANCE COMPANY,

     Defendant.

_____/

## ORDER

     Robert A. Fleming sues Metropolitan Life Insurance Company ("Metropolitan") for breach of an employer-issued disability benefit plan (the "Metropolitan plan"). Metropolitan removes the action and argues that federal jurisdiction exists because the Employee Retirement Income Security Act ("ERISA") governs the Metropolitan plan and preempts Fleming's breach of contract claim.  See e.g. Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41 (1987).  Fleming offers no opposition to removal. Metropolitan moves (Doc. 4) to dismiss without prejudice and argues that the complaint fails to state a claim pursuant to ERISA.  Fleming opposes the motion to dismiss and argues that Metropolitan fails to establish ERISA preemption because Metropolitan fails to demonstrate the existence of an ERISA plan.

     Metropolitan attaches to the motion to dismiss a copy of the Metropolitan plan and excerpts from the summary plan description.  ERISA applies to a plan established or maintained by an employer for the purpose of providing benefits to participants or their

beneficiaries.  29 U.S.C. § 1003; <u>Donovan v. Dillingham</u>, 688 F.2d 1367, 1371 (11th Cir. 1982) (establishing the five criteria to determine whether ERISA applies to a benefit plan); <u>Peckham v. Gem State Mutual of Utah</u>, 964 F.2d 1043, 1049 n. 11 (10th Cir. 1992) ("If a plan meets the five criteria outlined in <u>Donovan</u> it is governed by ERISA whether or not the parties wish to be subject to ERISA.").  The terms of the Metropolitan plan and the summary plan description persuasively demonstrate that ERISA applies. <u>Donovan v. Dillingham</u>, 688 F.2d 1367, 1373 (11th Cir. 1982) ("a [plan] under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.").  Accordingly, Metropolitan's motion (Doc. 4) to dismiss without prejudice is **GRANTED**.  Fleming will file an amended complaint pursuant to ERISA on or before **March 31, 2006**.  Failure to comply with this order may result in dismissal.

ORDERED in Tampa, Florida, on March 16, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   Courtroom Deputy